IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: _____

**08-21915-CIV-JORDAN/MCALILEY**

RUSSELL C. RODRIGUEZ, an individual,

        Plaintiff,

v.

UNITED RENTALS, INC., a Delaware corporation,

        Defendant.
_____/

FILED by IG D.C.
ELECTRONIC

July 7, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

Defendant UNITED RENTALS, INC. ("United"), pursuant to Title 28, U.S. Code, Sections 1332, 1441, and 1446, hereby removes this action from the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County to the United States District Court, Southern District of Florida, Miami Division. As grounds for removal, United states as follows:

### Circuit Court Action

1.    Plaintiff commenced this action in the Circuit Court, styled *Russell C. Rodriguez v. United Rentals, Inc.*, Case No. 08-30929 CA 20, by filing his Complaint on June 2, 2008 (the "Circuit Court Action"). A copy of the Complaint is attached as Exhibit A and is incorporated by reference as part of this Notice.

2.    Service of a summons and a copy of the complaint in the Circuit Court Action was accepted by undersigned counsel on June 4, 2008.

3.    Plaintiff agreed to a ten-day enlargement, until July 7, 2008, and then another ten-day enlargement, until July 17, 2008, of the time by which United's responsive pleading in the Circuit Court Action would be due.

Boyd Santini Parker & Colonnelli
100 S.E. Second Street | 36th Floor | Miami | Florida 33131    Phone: 786-425-1045 | Fax: 786-425-3905
www.boydlawgroup.com
1 of 18

4.   The time period for filing a responsive pleading in the Circuit Court Action has not expired as of the filing of this Notice of Removal.

## Grounds for Removal

5.   Plaintiff is a resident of Broward County, Florida. *See* Complaint, ¶ 1.

6.   For diversity purposes, a corporation is a citizen of the state in which it is incorporated and in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). United is a Delaware corporation with its principal place of business in the state of Connecticut.

7.   Complete diversity of citizenship exists between Plaintiff and United.

8.   This action stems from Plaintiff's breach of a Confidentiality and Non-Competition Agreement (the "Agreement") executed by both parties. After receiving written cease-and-desist notices, Plaintiff filed the Circuit Court Action, requesting declaratory relief as to the validity of the Agreement and as to the law applicable thereto. *See* Complaint, ¶¶ 5 - 13.

9.   Plaintiff is not seeking a specific amount of damages. However, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 347 (1977). In this case, the value to the plaintiff of conducting his business free from the agreement sought to be declared void is the yardstick for measuring whether the amount in controversy requirement has been satisfied. *See, e.g., id.* (right of apple grower to conduct business affairs in another state free from statute's enforcement).

10.   A valuation of Plaintiff's current employment fulfills the jurisdictional requirement. Upon information and belief, Plaintiff was offered and accepted employment in violation of the Agreement for a guaranteed salary and commission in excess of $75,000.

BOYD SANTINI PARKER & COLONNELLI

100 S.E. Second Street | 36th Floor | Miami | Florida 33131    Phone: 786-425-1045 | Fax: 786-425-3905
www.boydlawgroup.com

2 of 18

11. Alternatively, the object could be the right, *vel non*, of United to enforce the Agreement. The value of that right is measured by the losses that will flow from Plaintiff's breach of the Agreement – potential losses well above the $75,000 statutory threshold. While working for United, Plaintiff generated an average *monthly* revenue of $145,000. See Exhibit B, Affidavit in Support of Notice of Removal to Federal Court. Plaintiff's breach of the Agreement currently spans two (2) months, and is expected to continue; thus, the economic harm that United attempted to avoid by execution of the Agreement is well in excess of the statutory requirement.

12. Generally, the amount in controversy must be shown to a legal certainty. *Saberton v. Sears Roebuck & Co.*, 392 F.Supp.2d 1358 (M.D.Fla. 2005). However, where a plaintiff has made an unspecified demand for damages, a lower burden of proof is warranted because there is simply no estimate of damages to which the court may defer; accordingly, such a defendant must only meet the preponderance of the evidence standard. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

13. This Court has jurisdiction pursuant to Title 28, U.S. Code, Section 1332, as there is complete diversity between Plaintiff and United, and the amount in controversy, exclusive of interest and costs, has been shown, by a preponderance of the evidence, to be well above the $75,000 minimum. Accordingly, the Circuit Court Action may be properly removed to this United States District Court pursuant to Title 28, U.S. Code, Section 1441(b).

### Compliance with Procedural Requirements

14. This Notice of Removal is filed within the thirty-day time period required by Title 28, U.S. Code, Section 1446(b).

BOYD SANTINI PARKER & COLONNELLI

100 S.E. Second Street | 36th Floor | Miami | Florida 33131    Phone: 786-425-1045 | Fax: 786-425-3905
www.boydlawgroup.com

3 of 18

15. Venue of the removal action is proper in this Court because it is in the district and division embracing the place where the state court action is pending. *See* 28 U.S.C. § 1441(a).

16. Promptly after the filing of this Notice of Removal, United shall give written notice of the removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, as required by Title 28, U.S. Code, Section 1446(d).

17. Pursuant to Title 28, U.S. Code, Section 1446(a), copies of all process, pleadings, and orders served upon United in the Circuit Court Action are attached hereto as Exhibit A. No further proceedings have been conducted in the Circuit Court Action. Trial has not commenced in the Circuit Court Action.

WHEREFORE, United Rentals, Inc. gives notice of the removal of the above-titled action from the Circuit Court of the Eleventh Judicial Court in and for Miami-Dade County, Florida.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered via Facsimile and U.S. Mail to Bernardo Burstein, Esq., Burstein & Associates, P.A., 12000 Biscayne Blvd., Suite 508, Miami, FL 33181, this 7th day of July 2008.

        BOYD SANTINI PARKER & COLONNELLI, P.L.
        Bank of America Tower at International Place
        100 S.E. Second Street - 36th Floor
        Miami, Florida 33131
        Tel:   786-425-1045
        Fax:  786-425-3905

By: _____
        W. TODD BOYD, ESQ.
        Florida Bar No. 770558

BOYD SANTINI PARKER & COLONNELLI

100 S.E. Second Street | 36th Floor | Miami | Florida 33131    Phone: 786-425-1045 | Fax: 786-425-3905
www.boydlawgroup.com

4 of 18

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA<br>☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA | | |
|---|---|---|
| **DIVISION**<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ FAMILY<br>☐ OTHER | **CIVIL COVER SHEET** | **CASE NUMBER**<br>08-30929 CA 20 |
| **PLAINTIFF**<br><br>RUSSELL C. RODRIGUEZ, an Individual, | **VS. DEFENDANT**<br><br>UNITED RENTAL, INC., a Delaware corporation. | ORIGINAL CLOCK IN FILED<br>JUN - 2 2008<br>HARVEY RUVIN<br>CLERK |

The civil cover sheet and the information contained here does not replace the filing and service of pleadings or other papers as required by law. This form is required by the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. See instructions and definitions on reverse of this form.

**TYPE OF CASE** (Place an 'x' in one box only)

| Domestic Relations | Torts | Other Civil |
|---|---|---|
| ☐ Simplified dissolution | ☐ Professional Malpractice | ☐ Contracts |
| ☐ Dissolution of Marriage | ☐ Products liability | ☐ Condominium |
| ☐ Support - IV-D | ☐ Auto negligence | ☐ Real property/Mortgage foreclosure |
| ☐ Support - Non IV-D | ☐ Other negligence | ☐ Eminent domain |
| ☐ UIFSA - IV-D |  | ☐ Challenge to proposed Constitutional Amendment |
| ☐ UIFSA - Non IV-D |  | ☒ Other |
| ☐ Domestic Violence |  |  |
| ☐ Other domestic relations |  |  |

| Is Jury Trial Demanded in Complaint?   ☐ Yes ☒ No | DATE: June 2, 2008 |
|---|---|

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated in the attached addendum pursuant to Administrative Order.   ☐ Yes ☒ No

Signature of Attorney for party initiating action: _____ Fla. Br. no 972207

JUDGE:

CLK/CT 06 Rev. 10/06

Clerk's web address: www.miami-da...

**EXHIBIT A**

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

RUSSELL C. RODRIGUEZ, an
Individual,

CASE NO.:  08-30929 CA 20

        Plaintiff,

v.

UNITED RENTALS, INC., a
Delaware corporation,

        Defendant.
_____/

## COMPLAINT

Russell C. Rodriguez, by and through his undersigned counsel, for his Complaint, states as follows:

## THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Russell C. Rodriguez ("Rodriguez" or "Plaintiff"), is a resident of Broward County, Florida.

2. On information and belief, the Defendant, United Rentals, Inc. ("United"), is a Delaware corporation with a corporate office in Connecticut. Rental owns and operates retail stores throughout South Florida, including in Miami, Florida, at which Rodriguez used to be employed.

3. This Court has subject matter jurisdiction over this action and personal jurisdiction over United, which conducts substantial and not isolated business in this judicial district. Additionally, venue is proper in this judicial district.

CASE NO.:

4. Rodriguez has retained the undersigned law firm to prosecute this action on his behalf and has agreed to pay a reasonable fee and reimburse the firm for costs and disbursements.

## COUNT I
## DECLARATORY RELIEF

5. Plaintiff reincorporates and realleges paragraphs 1 through 4, inclusive, as if set forth in full herein.

6. On or about March 3, 2005, the parties executed a Confidentiality and Non-Competition Agreement, a true and correct copy of which is annexed hereto as Exhibit A (hereinafter referred to as the "Agreement"). The Agreement was drafted entirely by United, and prior to executing the Agreement, Plaintiff was not permitted and could not negotiate any of its terms, which was presented to Plaintiff for signature only.

7. Subsequent to the execution of the Agreement, the terms of employment of Plaintiff were altered and modified substantially and materially by United, to the detriment of Plaintiff.

8. As a result, with the full and complete awareness and approval of United, Plaintiff commenced seeking other employment. At the time and prior to Plaintiff's accepting any other job offer, United represented and stated to Plaintiff that the Agreement would not be an issue and would not be asserted against Plaintiff. Based upon that representation, Plaintiff found and accepted a position with another employer.

9. Contrary to the representations and statements to Plaintiff, United is now threatening to enforce the Agreement's non-compete provisions. *See* Agreement, para. 2(a).

10. This provision, however, is not enforceable, because the enforcement provision of the Agreement (para. 4(a)) can have no application. According to the Agreement, the

2

CASE NO.:

interpretation and enforcement of the Agreement is to be done by a Connecticut state or federal court. *See* Agreement, para. 4(a). However, under the Agreement, Plaintiff did not submit to the personal jurisdiction of Connecticut and no independent basis exists for Connecticut to exercise personal jurisdiction over Plaintiff. As a result, the enforcement provision of the Agreement is fatally flawed, such as to itself be unenforceable.

11. In addition, a Connecticut court to have considered a like provision in another United employment contract has ruled that the choice of forum provision in that contract did not preclude transfer of the action to a more convenient forum, namely, the forum of the employee's employment (California). *See United Rentals, Inc. v. Pruett*, 296 F. Supp.2d 220 (D. Conn. 2003). Setting aside that Connecticut cannot exercise personal jurisdiction over Plaintiff, a Connecticut court would require any suit by United to proceed in South Florida, effectively invalidating the choice of forum provision in the agreement.

**WHEREFORE**, Russell C. Rodriguez respectfully requests that this Court take jurisdiction over this Count I and declare para. 4(a) of the Agreement as unenforceable and the non-compete provision of the Agreement as likewise unenforceable, and award Plaintiff such other relief as the Court deems just and equitable.

## COUNT II
## DECLARATORY RELIEF

12. Plaintiff reincorporates and realleges paragraphs 1 through 11, inclusive, as if set forth in full herein.

13. Regardless whether the substantive law of Florida or Connecticut applies, the non-compete provision of the Agreement is invalid and unenforceable.

3

CASE NO.:

WHEREFORE, Russell C. Rodriguez respectfully requests that this Court take jurisdiction over this Count II and declare para. 2(a) of the Agreement as invalid and unenforceable and award Plaintiff such other relief as the Court deems just and equitable.

Dated: June 2, 2008

          Respectfully submitted,
          **BURSTEIN & ASSOCIATES, P.A.**
          Counsel for the Plaintiff, Russell C. Rodriguez
          12000 Biscayne Blvd., Suite 508
          Miami, Florida 33181
          Telephone No.: (305) 981-9033
          Facsimile No.: (305) 981-9034
          E-mail: bburstein@bursteinpa.com

By: _____
          Bernardo Burstein
          Florida Bar No.: 972207

4

# EXHIBIT A

09/20/2013 23:22 FAX @002

# CONFIDENTIALITY AND NON-COMPETITION AGREEMENT

This Agreement between United Rentals North America, having an office at 7400 NW-79 WE Medley, Fl 33166 of business at Five Greenwich Office Park, Greenwich, CT 06830 (United Rentals, Inc. and all of its affiliates shall collectively be referred to herein as the "Company"), and Russell C. Rodriguez ("Employee") is hereby entered into as of 03/07, 2005. It cancels and supersedes all prior agreements with respect to the subject matter hereof.

WHEREAS, Employee acknowledges that the Company has made, and continues to make, substantial economic investment in the hiring, education and training of the Employee and the compensation and other benefits afforded by the Company to the Employee.

WHEREAS, Employee is employed by the Company in a confidential relationship where Employee, in the course of his or her employment with the Company, has become or will become familiar with and aware of information which was established and maintained at great expense to the Company; this information is a trade secret and constitutes valuable goodwill of the Company. The protection of these trade secrets is of critical importance to the Company.

NOW THEREFORE, in consideration of the continued employment by the Company of Employee, on an at-will basis, subject to the provisions of Section 5(c) below, and in further consideration of the Company's agreement, as described in Section 3 below, Employee hereby agrees as follows:

1. **Confidentiality and Company Property**. During and at all times after Employee's employment:

   (a) Employee will not disclose to any person or entity, without the Company's prior consent, any confidential or secret information, whether prepared by him/her or others.

   (b) Employee will not directly or indirectly use any such information other than as directed by the Company in writing.

   (c) Employee will not, except in the furtherance of the business of the Company, remove confidential or secret information from the premises of the Company without the prior written consent of the Company.

   (d) All products, correspondence, reports, records, charts, advertising materials, designs, plans, manuals, "field guides," memoranda, lists and other property compiled or produced by Employee or delivered to Employee by or on behalf of the Company or by its customers (including, but not limited to, customers obtained by the Employee), whether or not confidential, shall be and remain the property of the Company and shall be subject at all times to its direction and control.

   (e) Employee will, upon termination of his or her employment for whatever reason, with or without cause, promptly deliver to the Company all originals and copies (whether in note, memo or other document form or on video, audio or computer tapes or discs or otherwise) of all confidential or secret information, and of all property referred to in Section 1(d), that is in his or her possession, custody or control, and whether prepared by Employee or others.

   (f) Confidential information includes, but is not limited to:

   (i) business, pricing and management methods;

   (ii) finances, strategies, systems, research, surveys, plans, reports, recommendations and conclusions;

   (iii) names of, arrangements with, or other information relating to, the Company's customers, equipment suppliers, manufacturers, financiers, owners or operators, representatives and other persons who have business relationships with the Company or who are prospects for business relationships with the Company;

   (iv) technical information, work products and know-how;

   (v) cost, operating, and other management information systems, and other software and

1

        programming; and

(vi)   the name of any company or business, all or any substantial part of which is or at any time was a candidate for potential acquisition by the Company, together with all analyses and other information which the Company has generated, compiled or otherwise obtained with respect to such candidate, business or potential acquisition, or with respect to the potential effect of such acquisition on the Company's business, assets, financial results or prospects.

2. Non-Competition.

(a) During his or her employment by the Company and for a period of 12 months immediately following the termination of his or her employment for any reason whatsoever, whether or not for cause, Employee will not, directly or indirectly (whether through affiliates, relatives or otherwise):

  (i)   in any Restricted Area (a "Restricted Area" is defined as the area within a 50 mile radius of any and all Company locations in which Employee performed services for, or had management responsibilities for, at any time during the 24 month period preceding the termination of Employee's employment with the Company), be employed or retained by any person or entity who or which then competes with the Company to any extent, nor will Employee directly or indirectly own any interest in any such person or entity or render to it any consulting, brokerage, contracting, financial or other services or any advice, assistance or other accommodation;

  (ii)   solicit or accept the business of, or call upon, any person or entity who or which is or was (A) a customer, supplier, manufacturer, finder, broker, or other person who had a business relationship with the Company, or who was a prospect for a business relationship with the Company, at any time during the period of his or her employment, or (B) an affiliate of any such person;

  (iii)   approve, solicit or retain, or discuss the employment or retention (whether as an employee, consultant or otherwise) of any person who was an employee of the Company at any time during the 12 month period preceding the termination of Employee's employment by the Company;

  (iv)   solicit or encourage any person to leave the employ of the Company;

  (v)   own any interest in or be employed by or provide any services to any person or entity, which engages in any conduct, which is prohibited to Employee under this Section 2(a).

(b) Employee shall be deemed to be employed or retained in the Restricted Area if Employee has an office in the Restricted Area or if Employee performs any duties or renders any advice with respect to any facility or business activities in the Restricted Area.

(c) Before taking any position with any person or entity during the 12 month period following the termination of his or her employment for any reason, with or without cause, Employee will give prior written notice to the Company of the name of such person or entity. The Company shall be entitled to advise each such person or entity of the provisions of this Agreement, and to correspond and otherwise deal with each such person or entity to ensure that the provisions of this Agreement are enforced and duly discharged.

(d) All time periods in this Agreement shall be computed by excluding from such computation any time during which Employee is in violation of any provision of this Agreement and any time during which there is pending in any court of competent jurisdiction any action (including any appeal from any final judgment) brought by any person, whether or not a party to this Agreement, in which action the Company seeks to enforce the agreements and covenants in this Agreement or in which any person contests the validity of such agreements and covenants or their enforceability or seeks to avoid their performance or enforcement.

(e) Employee understands that the provisions of this Agreement have been carefully designed to restrict his or her activities to the minimum extent that is consistent with law and the Company's requirements. Employee has carefully considered these restrictions, and Employee confirms that

2

JUN-03-2008 Case 3:09-cv-00177-RCD Document 1 Filed 07/07/08 Page 13 of 18 P.011/013
BURSTEIN & ASSOCIATES PA (FAX)305 981 9034

06/20/2013 23:24 FAX ☐004

they will not unduly restrict Employee's ability to obtain a livelihood. Employee has heretofore engaged in businesses other than that in which the Company is engaged. Before signing this Agreement, Employee has had the opportunity to discuss this Agreement and all of its terms with his or her attorney.

(f) Since monetary damages will be inadequate and the Company will be irreparably damaged if the provisions of this Agreement are not specifically enforced, the Company shall be entitled, among other remedies (i) to an injunction restraining any violation of this Agreement (without any bond or other security being required) by Employee and by any person or entity to whom Employee provides or proposes to provide any services in violation of this Agreement, (ii) to require Employee to hold in a constructive trust, account for and pay over to the Company all compensation and other benefits which Employee shall derive as a result of any action or omission which is a violation of any provision of this Agreement and (iii) to require Employee to account for and pay over to the Company any net profit earned by the Employee from the exercise, during the 12 month period prior to the termination of his or her employment, of any stock options issued to him/her by the Company.

3. <u>Salary Continuation.</u>

(a) In the event Employee's employment was terminated by the Company without "cause," the provisions of Section 2(a)(i) and 2(a)(ii) above, shall, in all events, expire on the date on which both (A) and (B) shall be true; namely, (A) Employee has not theretofore breached any of his or her obligations hereunder, and (B) the Company, at its option, has elected, by not less than 10 days notice to Employee, not to, or no longer to, voluntarily pay to Employee, every two weeks, 1/26th of (i) 80 % of the total compensation paid to Employee by the Company during the 12 month period immediately preceding termination of his or her employment, or (ii) for an Employee who was employed by the Company for a period less than 12 months, 80% of the annualized total compensation paid to Employee by the Company for the period of employment preceding the Employee's termination; <i>provided, however,</i> all payments to Employee provided in this Section 3(a) shall be conditioned upon Employee's execution of a separation agreement and general release, in such form as the Company, in its sole discretion determines. In the event, (x) the Company elects to provide to Employee the payments set forth in this Section 3(a) and (y) Employee fails to execute the aforementioned separation agreement and general release, the provisions of Section 2(a)(i) and 2(a)(ii) shall remain in effect for the full term specified in this Agreement, notwithstanding the fact that the Company shall not be obligated to provide to Employee the payment set forth in this Section 3(a).

(b) As used in this Section 3, Employee's "total compensation," for any period, shall be limited to all salary, wages, overtime compensation, profit-sharing, commission and bonus amounts paid during such period in cash, plus the aggregate amount of price guarantees by the Company in respect of any restricted stock granted in lieu of a cash bonus during such period. All such payments by the Company to the Employee shall be subject to the same withholding as applied during his or her employment. To the extent any portion of total compensation was paid in the form of price guarantees on restricted stock, a pro rata portion of the bi-weekly payments referred to in Section 3(a) may, at the Company's option, be paid by way of price guarantees in respect of new grants of restricted stock.

(c) As used in this Section 3, "cause" shall mean the occurrence of any of the following events: (i) the Employee has misappropriated any funds or property of the Company, or has willfully or negligently destroyed property of the Company; (ii) the Employee has been convicted of any crime that impairs the Employee's ability to perform his or her duties and responsibilities with the Company, or that causes or may, in the determination of the Company, cause damage to the Company or its operations or reputation, or that involves fraud, embezzlement or moral turpitude; (iii) the Employee has (a) obtained personal profit from any transaction of or involving the Company (or engaged in any activity with the intent of obtaining such a personal profit) without the prior written approval of the Company or (b) engaged in any other conduct which constitutes a breach of fiduciary duty or the duty of loyalty to the Company and which, in the determination of the Company, has resulted or may result in damage to the Company; (iv) the Employee's job

3

performance is unsatisfactory, as determined by the Company; (v) the Employee has engaged in on-the-job conduct that falls below the standards the Company may reasonably expect, as determined by the Company; (vi) the Employee's use of alcohol or drugs has interfered with his or her ability to perform his or her duties and responsibilities with the Company, as determined by the Company; (vii) the Employee has knowingly made any untrue statement or omission on or in support of the Employee's application for employment with the Company, regardless of when discovered; (viii) the Employee has falsified Company records; (ix) the Employee has an unsatisfactory record of attendance, as determined by the Company; (x) the Employee has committed any act intended to damage the reputation of the Company or which, in fact, damages the reputation of the Company, as determined by the Company; (xi) the Employee has disclosed to any unauthorized person any confidential or proprietary information, records, data, formulae, specifications or trade secrets or other information of value to the Company; or, (xii) in the determination of the Company, the Employee has (a) violated the Company's policies or rules (including, but not limited to, the Company's equal employment opportunity policies) or (b) is guilty of negligence or misconduct in the performance of his or her duties with the Company.

4. **Jurisdiction, Arbitration & Attorney's Fees.**

   (a) **Consent to Personal Jurisdiction.** Employee hereby agrees that the interpretation and enforcement of the provisions of this Agreement shall be resolved and determined exclusively by the state court sitting in Fairfield County, Connecticut or the federal courts in the District of Connecticut and Employee hereby consents that such courts be granted exclusive jurisdiction for such purpose. Employee hereby acknowledges that, in the performance of his or her duties, Employee will maintain significant contacts with the Company's corporate offices in Connecticut, including, without limitation, telephone and email contacts with corporate personnel, access to corporate databases maintained in Connecticut, required attendance at certain training and/or strategic meetings, and payment of business related travel and entertainment expenses.

   (b) **Waiver of Jury Trial.** Employee agrees to waive a trial by jury in all legal disputes brought pursuant to this Agreement.

   (c) **Waiver of Service.** Employee agrees to waive formal service of process under any applicable federal or state rules of procedure. Service of process shall be effective when given in the manner provided for notices hereunder.

   (d) **Arbitration of Certain Claims by Employee.**

      (i) Except for matters referred to in Section 4(a), any and all claims by Employee relating to any matter arising during or after the employment of the Employee by Company or in connection with the cessation of said employment shall be resolved exclusively by arbitration conducted by one arbitrator in accordance with the National Rules for the Resolution of Employment Disputes established by the American Arbitration Association (AAA). The Company will provide a copy of these Rules to Employee on request. The decision of the arbitrator will be final and binding on both parties.

      (ii) The claims and disputes to be arbitrated under this Section 4(b) ("Arbitrable Claims") include without limitation, disputes or claims arising under (A) federal, state, and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act, (B) the law of contract and (C) the law of tort.

      (iii) Each Arbitrable Claim shall automatically expire unless Employee begins arbitration for the claim no later than the first anniversary of the day on which the Employee learned or reasonably should have learned that he or she may have such claim.

   (e) **Attorneys' Fees.** In the event any party hereto institutes any proceeding against any other party with respect to any controversy or matter arising out of this Agreement, the prevailing party shall be entitled to recover from the nonprevailing party such prevailing party's reasonable attorneys' fees and costs incurred in connection with any such proceeding.

4

5. Miscellaneous Provisions.

   (a) If any provision contained in this Agreement is determined to be void, illegal or unenforceable, in whole or in part, then the other provisions contained herein shall remain in full force and effect as if the provision which was determined to be void, illegal, or unenforceable had not been contained herein.

   (b) The courts enforcing this Agreement shall be entitled to modify the duration and scope of any restriction contained herein to the extent such restriction would otherwise be unenforceable, and such restriction as modified shall be enforced.

   (c) Employee acknowledges that he or she has not been promised any specific term of employment with the Company, and agrees that neither this Agreement nor any other agreement, whether in writing or orally, constitutes or promises a specific term of employment. Employee is employed on an at-will basis and his or her employment with the Company may be terminated by the Employee or by the Company at any time.

   (d) Whenever any notice is required hereunder, it shall be given in writing addressed as follows:

   To the Company:   Attn: Leo Pernas
                     United Rentals, Inc.
                     7400 NW 79 AVE.
                     MEDLEY, FL 33166

   with a copy to:   Attn: Legal Department
                     United Rentals, Inc.
                     Third Floor
                     Five Greenwich Office Park
                     Greenwich, Connecticut 06830.

   To Employee:      [Fill in Employee's name and address]
                     RUBEN C. RODRIGUEZ
                     13322 SW 32 ST.
                     MIRAMAR, FL 33027.

   Notice shall be deemed given and effective (a) five business days after the deposit in the U.S. mail of a writing addressed as above and sent first class mail, certified, return receipt requested, (b) one business day after delivered to a nationally recognized air courier for next day delivery service, or (c) upon personal delivery. Either party may change the address for notice by notifying the other party of such change in accordance with this paragraph.

   (e) This Agreement shall in all respects be construed according to the laws of the State of Connecticut.

UNITED RENTALS, INC.                        EMPLOYEE:

BY: _____                         _____
                                            [EMPLOYEE NAME]
NAME: Leo Pernas
TITLE: Branch Manager
United Rentals North America

5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

RUSSELL C. RODRIGUEZ, an
individual,

        Plaintiff,
v.

UNITED RENTALS, INC., a
Delaware corporation,

        Defendant.
_____/

## AFFIDAVIT IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

Leo Pernas, being duly sworn, hereby states the following:

1. I am over the age of 21 years, and competent to make this affidavit.

2. The statements in this affidavit are based on my personal knowledge.

3. I am the Branch Manager, Miami Branch, for Defendant United Rentals, Inc. ("United").

4. While at United, Plaintiff generated an average monthly revenue of $145,000.[1]

5. While working for United, Plaintiff had access to a list of customers and accounts and made contacts with said customers, who were a substantial basis for the revenue he generated for United.

---

[1] This rounded figure is calculated by using the revenue (in rounded figures) that Plaintiff generated for United during the period of July 2007 through May 2008, as follows: $157,000 in July 2007, $156,000 in August 2007, $198,000 in September 2007, $140,000 in October 2007, $189,000 in November 2007, $184,000 in December 2007, $122,000 in January 2008, $116,000 in February 2008, $128,000 in March 2008, $113,000 in April 2008, and $97,000 in May 2008.



EXHIBIT B

*Rodriguez v. United Rentals*
AFFIDAVIT IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT
July 7, 2008
Page 2 of 2

6. The amount of business which United would likely lose by the setting aside or the breach of the Confidentiality and Non-Competition Agreement (the "Agreement") is equal to the amount of revenue that Plaintiff previously generated for United.

FURTHER AFFIANT SAYETH NOT.

_____
Leo Pernas
Branch Manager, Miami Branch
Defendant United Rentals, Inc

The foregoing instrument was sworn and subscribed before me this 7 day of July 2008, by Leo Pernas, who is personally known to me or has produced identification of _____.

_____
NOTARY PUBLIC

My commission expires:

LISSETTE PANTOJA
Comm# DD0697668
Expires 8/20/2011
Florida Notary Assn., Inc

08-21915-CIV-JORDAN/MCALILEY

Case 3:08-cv-80177-MCA Document 1 Filed 07/07/08 Page 18 of 18

FILED by IG D.C.
ELECTRONIC

July 7, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
RUSSELL RODRIGUEZ

**(b)** County of Residence of First Listed Plaintiff: DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
BERNARDO BURSTEIN, ESQ.
12000 BISCAYNE BLVD #508
MIAMI, FL 33181    305-981-9033

### DEFENDANTS
UNITED RENTALS, INC.

County of Residence of First Listed Defendant: DELAWARE, CONNECTICUT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)
TODD BOYD, ESQ.    786-425-1045

**(d)** Check County Where Action Arose: ☒ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Dade 08CV 21915 - Jordan/McAliley

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

### V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☒ NO
JUDGE                DOCKET NUMBER

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
28 USC 1332

LENGTH OF TRIAL via 2 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ DECL.
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD: [signature: Todd Boyd]
DATE 7/7/08

FOR OFFICE USE ONLY
AMOUNT $350.00    RECEIPT # 983278 IFP

18 of 18

07/08/08